Our first case for argument is Crewe v. Ratliff, 10 minutes per side, and counsel, you can begin when you're ready. Just let me know whether you'd like to reserve time for rebuttal. Yes, Your Honor. Evan Young, appearing for appellant Mark Christopher Crewe, and I'd like to reserve three minutes for rebuttal, if I may. Thank you. Thank you. This case is about the core due process principles of notice, foreseeability, and the right to fair warning. The issues it presents are whether it was foreseeable to a reasonable person in 1982 that the 1978 death penalty statute would be interpreted to apply to a case of murder and incidental theft, and that the definition of the financial gain special circumstance would differ depending on whether a felony murder special circumstance was also charged. In 1984, the first time that the California Supreme Court was asked to interpret the statute in a case that involved offenses committed in the same time period as Mr. Crewe's case, the court in Peeble v. Bigelow narrowed the state's vague and broad language and adopted a limiting construction. Ms. Young, you're not maintaining the standalone vagueness challenge on appeal, are you? Yes, Your Honor. And why isn't that controlled by Noguera? Well, in Noguera, the issue that we have presented, which is the due process issue under Bowie v. City of Columbia and the lack of fair notice, was not presented to any court in Noguera. Okay, so the one issue you have, which, whether it's framed as due process or part of vagueness, is just the Bowie issue, not some standalone void for vagueness challenge? Exactly, yes, Your Honor. And that was not addressed in Noguera. In 1984, as I said, that was the first time that the statute was interpreted. And under that construction, the facts in Bigelow, which were similar to those in Mr. Crewe's case, did not qualify as murder for financial gain. Bigelow was thereafter applied by California courts to all financial gain special circumstance cases until 1988, when the court decided Howard. In Howard— Ms. Young, why wouldn't we just, if we're trying to understand the notice and if there has been no intervening judicial construction of the statute, why wouldn't we just look at the statute? Why isn't just the question whether that was enough to put Mr. Crewe on notice? Well, because it had not yet been interpreted. But it was still law. It was still law, but the first time, the first chance that the California Supreme Court had to interpret it, it said, this is what it means. This is what the financial gain special circumstance means. And it was interpreting it as to conduct that happened in that intervening time, which was the same as Mr. Crewe's. And Howard, Howard didn't overrule Bigelow. It didn't say that the plain language of the statute applies in all cases, because even after Howard, the California Supreme Court does apply the Bigelow standard under certain circumstances. That is when no other, when no felony murder special circumstance is charged. So that brings us back to Bowie, because that construction or that variation, when it applies only to in certain circumstances, is what was unforeseeable. It's. Go ahead. Well, I guess it's kind of odd to say that the Howard, the last case, was an unforeseeable construction of Bigelow, an earlier case, when both of them postdated the conducted issue. Well, but Bigelow was interpreting the statute as it applied to conduct that happened in 1980 and 1982 in our case. So that the fact that Bigelow postdated the conduct doesn't mean that it's not relevant. And also for a Bowie analysis, you also look at what the other existing law was. We're not relying totally on Bigelow, although it in our opinion, it obviously provides relevant evidence about what the statute meant. I'm wondering how you reconcile your arguments with the California Supreme Court's holdings in Karasi and in Edelbacher. Well, those happened after Howard. So what we're talking about is that Howard was unforeseeable. Howard changed the equation. Bigelow had said, this is the definition of the financial gain special circumstance. It had never been interpreted before. And we're saying, this is what it means. And what they said it means is that the murder either has to be consideration for or an essential prerequisite to the financial gain. And as I said, thereafter, the California courts applied Bigelow to all financial gain special circumstances cases, including ones in which a felony murder special circumstance was not also charged. So then you have Howard come along and say, well, Bigelow only applies if there is not another or if there is not a felony murder special circumstance charged as well. That is a categorical change. And Bigelow... But wasn't that kind of already baked into Bigelow? I mean, Bigelow's reasoning was that we should avoid the overlap in special circumstances so that we should narrow each one so they're doing independent work. That can only occur when there are multiple special circumstances assigned. Well, the court in Bigelow didn't limit its holding to cases in which only the financial gain special circumstance was charged. California courts understood Bigelow to apply to all the financial gain special circumstance, including one in which a felony murder special circumstance wasn't charged. And finally, Justice Broussard, who wrote the opinion in Bigelow in his dissent in Howard directly addressed the majority's opinion that Bigelow's formulation should only apply in cases in which there was the potential for overlap and said that the majority in Howard had limited Bigelow in, quote, a rather unusual and undesirable fashion. So clearly, he as the author and the court in Bigelow did not intend Bigelow to be conditional. It was categorical. That was the definition of special circumstance.  I think I've come to the end of, yes. Did you want to reserve the rest of your time? Do either of you have any questions now? Okay. Okay. You have two minutes, 15 seconds for rebuttal. Okay. Thank you. Good morning. Gregory Opp for Respondent. Good morning.  Bowie focuses on the law, quote, the law which had been expressed prior to the conduct in issue. It is not coextensive with the ex post facto clause. It looks at the law at the time of the conduct. Strictly speaking, what the court did in Bigelow or Howard really doesn't matter in the equation. The best analogy here is Bradshaw v. Ritchie. There, the transferred intent doctrine was in existence in Ohio at the time of the defendant's  A subsequent Ohio case eliminated it. And then when Bradshaw's case got to the Ohio Supreme Court, that court applied the transferred intent doctrine. So he took it to the Supreme Court. And the Supreme Court says one of the arguments was that the intermediate case, which eliminated the transferred intent doctrine, applied to him. And the court said, and this was a Bowie issue, that the court, that case has no bearing on whether the law at the time of the charged conduct was clear enough to provide fair notice is exactly the scenario that we have here. Now, Mr. Ott, are you saying then that the Bigelow-Howard line of cases doesn't enter at all? We're just looking at the statute? It really doesn't. Despite my briefing and addressing both of those cases, it really doesn't because we're looking at the law in the books, or Bowie looks at the law on the books or judicial decisions interpreting it, of which there were none in 1982. I guess, but Mr. Ott, I think your problem there is that the state court decision that's at issue seems to rely entirely on Howard. It's not engaging any original interpretation of the 78 statute. It's not construing that in isolation. The entire discussion is a discussion distinguishing Bigelow and saying, no, here, Howard applies. So why doesn't that bring us to Bowie? Because Howard simply applied the language of the statute. The language of the statute was the only diversion. Where would we find that in the state court's decision? I don't have it in front of me, but they plainly do not apply the Bigelow exception. I mean, I'm not seeing them, I'm not seeing our state court colleagues cite the statute. I mean, they cited at the beginning, but the entire discussion of the application in this insufficient evidence is with reference to Howard and Bigelow. So I guess in other words, it doesn't at least get us into Bowie territory that the state court seemed to think that what it was doing was interpreting Howard, not the statute. Well, you could say that, but Howard simply applied, I'm saying this, Howard simply applied the language of the statute. And again, Bowie is simply looking to fair notice at the time of the conduct. And what the court did in Howard or Bigelow doesn't really matter. Bigelow did construe, I'll give you that, it's definitely relevant. It construed the financial gain special circumstance. But as the court in Howard explained, if it wasn't explained in Howard, that was a contextual limitation. In fact, they did not expand the law. That was really an instructional error case. You'll notice at the end of their discussion, they say, well, the court, so the jury should have been instructed on this limitation so that we don't have the same facts proving two special circumstances or a special circumstance and felony murder. Howard said, made clear that that was an exception to the statutory language. And I do dispute that every case, every California case since Bigelow has applied Bigelow's test. I didn't see that come up in the briefing, but I definitely dispute that claim. Certainly the California Supreme Court did not. And I believe if you look at Howard, the court is applying just simply the plain language of the statute. And I think that's why the court in Crewe is discussing Howard. What do we do? You spend some time on the Metrish case. I guess I'm trying to understand the weight we should afford to state lower court holdings. Because Metrish, I believe, there was a Michigan Court of Appeals decided one thing. But it was a reasonable application for the state Supreme Court then to come in and resolve the issue. So just in terms of, are you conceding your friend's point that the state lower court decisions would be probative of what the law is? Or should we just be looking at the apex court for the Boolean analysis? Well on this issue here, I think we're looking at just the apex court. I mean, in Bradshaw, there was an intermediate court that was addressed. But the state of the intermediate California courts was not that Bigelow and Bigelow's standard, let's say Bigelow's standard, is the law of the financial gain circumstance. If an intermediate court, there's an argument that I think it was Newberry, applied it. It's certainly not binding here. It was after the conduct. I still say we go back to the notice and it's about fair notice at the time of the conduct. And that is the statutory language. The states, and this can't be confused with an ex post facto argument. The Supreme Court in Rogers goes into that discussion and differentiates the two provisions. The due process is a much narrower, the due process under Bowie is a much narrower provision. It really deals with fairness and that fairness is tied to the notice at the time of the conduct. The court says that in Bowie, the court reiterates it in Rogers, and this court reiterated it by quoting that language in Webster, that that's what we're looking at. So even if the court in Bigelow, let's say, or Howard expanded that, they didn't have to apply it retroactively. The ideas of ex post facto and whether something gets locked in as the law and applies retroactively don't apply under Bowie. And in any event, a state doesn't have to apply its laws retroactively. So that's my position on Bowie, that really Howard and Bigelow aren't controlling. But to me, Howard simply clarified what Bigelow did, which was carve out an exception. It is necessary only when the facts are subject to proving two special circumstances or a special circumstance and a felony murder count. On the subject of vagueness, one of the things I wanted to add to that is this court and the state courts in Noguera and this court and state Supreme Court has found the plain language of the statute not vague. Those decisions issued after Bigelow, but if you look at them, they only discuss the plain language of the statute. They're not discussing the plain language of the statute as interpreted by Bigelow. So there's an argument that, well, those cases came after Howard or they came after Bigelow, so therefore they're saying that Bigelow is not vague. Well, no, that's not what they were doing. You look at the language that they're talking about and it's the statutory language. They never mentioned Bigelow. Noguera did not mention Bigelow or Bigelow's tests at all in saying that this language is not vague, it's not over-broad, and that's the language that put Mr. Crew on notice at the time of his conduct, which our position is eliminates his buoy argument. The court has no questions. I'll submit that.  Thank you very much. Thank you. Thank you. First, the California Supreme Court did not do a reasonable buoy analysis. They simply said that because Howard, because Bigelow postdated the offenses, that it couldn't be applied. But there was no analysis about foreseeability. I just wanted to clarify that when I was talking about all cases applying Bigelow, I was referring to the time period between Bigelow in 1984 and Howard in 1988. Obviously, after Howard, things changed. And that's the problem here is that there was no notice. When you're talking about a buoy analysis and you're looking at the existing law at the time of the offenses, a critical point here is that there was no other special circumstance in California where the definition of the special circumstance depended on what the prosecutor decided to charge. In this case, if you have a prosecutor deciding to charge robbery or not, that then somehow changes the definition of the statute. That occurs nowhere else. It's a complete anomaly. And it seems to me difficult to say that that kind of a change doesn't require some sort of fair notice. Finally, the idea that somehow Howard clarified Bigelow or clarified the statute, I think then answers the buoy question. If you need a clarification, then how can you say that there was fair notice at the time of the offenses? And going to Nogura, if this court decides that existing circuit precedent forecloses relief based on Nogura, then Mr. Krueh respectfully submits that this case presents an important question warning consideration by the court en banc to maintain uniformity in the application of the U.S. Supreme Court's fair warning jurisprudence. Is that in your briefs? The request to preserve Nogura? No. Okay. Thank you. It's not. Thank you very much for your arguments. We thank both counsel for their arguments in this case. This matter is now submitted.
judges: THOMAS, JOHNSTONE, Lefkow